JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Tyrone Gibson, appeals both his jury conviction for domestic violence as well as his sentencing in a separate case. In the separate case, he pleaded guilty on April 14, 2003 to two counts of gross sexual imposition, violations of R.C. 2907.05, fourth degree felonies. After serving his six-month concurrent sentences on those cases, defendant was out on post-release control.
 {¶ 2} Defendant's domestic violence conviction resulted from an altercation between defendant and his sixteen-year-old daughter. The testimony, although contradictory in places, clearly shows that the daughter was visiting her father, defendant, at his girlfriend's home. Also present were her eighteen-year-old half-sister with her baby, her thirteen-year-old half-brother, along with the son of defendant's girlfriend, the son also being around thirteen-years-old. The daughter was sitting on the lap of defendant's girlfriend's son and was "wiggling." She stated that she was there because the boy had tripped her and she sat on his legs to keep him from kicking her again. She also was, she testified, digging her nails into his neck in retaliation.
 {¶ 3} Defendant entered the living room where the young people were and saw his daughter "squirming" in the boy's lap. Although the daughter testified that she did get off the boy's lap, father claims that when he ordered her out of his lap, she refused to move. He then pulled her off of the boy's lap and she fought defendant. In the course of the scuffle, the daughter hit a wall and knocked down a mirror. Although the daughter testified that defendant also hit her on the side of her face, no one else corroborated this testimony. Both the half-sister and the defendant's girlfriend, who tried to break up the fight, told defendant he was being too rough on his daughter. Finally, the half-sister managed to get the daughter onto the porch and then to a neighbor's house, where the daughter called the police and her Grandmother.
 {¶ 4} After the jury convicted defendant, the court sentenced him to ten months for the domestic violence conviction and, having determined that defendant violated his post-release control, sentenced him to a four-year prison term to run consecutively to the ten-month sentence in the domestic violence case. Defendant then filed this consolidated appeal, stating seven assignments of error. Because the second assignment of error disposes of the case, we address it first. It states:
II. The jury verdict in criminal case 446095 was not supported by proof beyond a reasonable doubt when all elements of domestic violence were not provided to the jury as the trial court removed from jury instructions the requirement of the word "reside" contrary to R.C. 2929.25(e)(1)(A)(ii)[sic] that the child of an offender is a "family or household member" only if the child and the offender currently reside together or have resided together in the past.
 {¶ 5} Defendant argues that the trial court failed to prove all of the elements of the crime of domestic violence, and that therefore, his conviction was not supported by sufficient evidence. He is correct.
 {¶ 6} Domestic violence is defined in R.C. 2919.25,[1] which states in pertinent part:
(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
* * *
(F) As used in this section and sections 2919.251 [2919.25.1] and 2919.26 of the Revised Code:
(1) "Family or household member" means any of the following:
(a) Any of the following who is residing or has resided with theoffender:
(i) A spouse, a person living as a spouse, or a former spouse of the offender;
(ii) A parent or a child of the offender, or another person related by consanguinity or affinity to the offender;
(iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the offender, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the offender.
(b) The natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent. (Emphasis added.)
 {¶ 7} Under the everyday definition of family member, defendant's biological daughter would certainly qualify. For the purposes of this statute, however, the legislature has narrowed the definition of family member to children who live with or have lived with the offender. The First Appellate District has affirmed this interpretation: "R.C.2929.25(E)(1)(a)(ii) [sic] provides that the child of an offender is a `family or household member' only if the child and the offender currently reside together or have resided together in the past." State v. Jorden
(1999), 134 Ohio App.3d 131, 137. In Jorden, the court held that because the state had failed to prove that the defendant had ever lived with his daughter, the victim, he could not be convicted of domestic violence against her.
 {¶ 8} In the case at bar, defendant, the daughter, and the grandmother with legal custody of the daughter all testified that the daughter had never lived with defendant. Because the state failed to prove that the daughter was a family member under the definition of the statute, we vacate the conviction and subsequent sentence imposed under R.C. 2929.141. Our disposition of this assignment of error renders the remaining assignments of error moot.
 {¶ 9} The Ohio Supreme Court has held that "retrial is barred if the reversal was based upon a finding that the evidence was legally insufficient to support the conviction." State v. Thompkins (1997),78 Ohio St.3d 380, 387, citing Tibbs v. Florida (1982), 447 U.S. 31, 45. Accordingly, defendant is discharged.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., concurs.
 Dyke, P.J., concurs in judgment only.
[1] This statute was amended January 8, 2004.